# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| **MANDY MYERS,** | ) |
| Plaintiff, | ) |
| | ) File No: 3:11-cv-00331 |
| v. | ) |
| | ) JUDGE NIXON |
| **DOLLAR GENERAL CORPORATION,** | ) MAGISTRATE JUDGE BROWN |
| | ) |
| Defendant. | ) JURY DEMAND |

## CASE MANAGEMENT ORDER

A Case Management Conference is scheduled to be held in the above-entitled action on **Tuesday, August 2, 2011**, at **10:00 a.m.** Pursuant to Local Rule 16.01, Counsel representing the Plaintiff, **MANDY MYERS**, ("Plaintiff") and Defendant, **DOLLAR GENERAL CORPORATION**, ("Defendant") hereby submit this Proposed Case Management Order for entry by the Court.

1. **Jurisdiction**: The parties do not dispute this Court's jurisdiction or venue.

2. **Plaintiff's Theory**:

Plaintiff is a female that was hired by Defendant in October 2005, as a Charge Sales Specialist. Plaintiff remained a Charge Sales Specialist throughout her employment.

Prior to her employment, Plaintiff was diagnosed with depression and anxiety that limited her ability to sleep normally, walk, lift, climb, eat, or otherwise care for herself. These conditions would disable Plaintiff periodically and for short periods of time. This condition qualified as a disability under the Americans with Disability Act.

With the onset of her disability, Plaintiff began making requests for leave under the Family Medical Leave Act. Plaintiff took intermittent leave due to her disability in 2006, 2007, and 2008 with no adverse employment action. When Plaintiff would return from this intermittent

leave, however, she would be met by her direct supervisor and team leader with "cold shoulder" treatment and comments to the effect that Plaintiff should "leave her husband" and that would "cure her problems."

Plaintiff informed the Human Resources Department of her disability whereby Defendant received from Plaintiff's primary care physician information regarding her disability. During Plaintiff's employment, Plaintiff received performance evaluations wherein she met or exceeded the expectations of Defendant. Plaintiff was qualified for the position she held.

In 2009, Plaintiff again requested intermittent leave due to her disability. During this time, Plaintiff was subjected to more cold shoulder treatment and being overly scrutinized. Plaintiff was falsely accused of misconduct such as throwing away mail and intentionally falsifying her time sheets.

On or about July 27, 2009, Plaintiff notified her supervisor of the onset of an FMLA issue as she had done in the past and the need to leave work until it subsided. Plaintiff returned to work the following morning. Plaintiff was called to the Human Resources Office and was terminated. Plaintiff's termination was motivated by her disability and requests for leave.

Plaintiff filed her EEOC Charge and was issued her Right to Sue letter.

3. **Defendant's Theory:**

Defendant denies it discriminated against Plaintiff based on any alleged disability or on any other basis. Defendant further denies that it retaliated against Plaintiff for requesting FMLA leave. Plaintiff was terminated for legitimate, nondiscriminatory, nonretaliatory reasons, including Plaintiff's poor work performance and failure to comply with Defendant's policies concerning accurate and timely reporting of hours worked.

4. **Identification of the issues**: The issues of jurisdiction and venue are resolved and the issues of liability and damages are still in dispute.

5. **Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure**: The parties do not anticipate any need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure.

6. **Witnesses, if known, subject to supplementation by each party**: The parties have not yet completely identified all witnesses in this matter and will provide witnesses in their Rule 26(a) disclosures.

7. **Initial Disclosures and Staging of Discovery**: The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within thirty (30) days from the date of the initial case management conference, on or before, **Friday, September 2, 2011**.

The parties shall complete all written discovery on or before **Wednesday, May 30, 2012**. Discovery is not stayed during dispositive motions, unless ordered by the court. Prior to filing any discovery related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge. The counsel requesting the conference shall check with opposing counsel as to their availability before setting a time certain with the Court.

The Plaintiff shall make all expert witness disclosures required pursuant to Rule 26(a)(2) on or before **Friday, February 3, 2012**. The Defendant shall make all expert witness disclosures required pursuant to Rule 26(a)(2) on or before **Monday, March 19, 2012**. The parties shall depose all fact and expert witnesses on or before **Wednesday May 30, 2012**.

8. **Dispositive motions**: The parties shall file all dispositive motions on or before **Friday, June 29, 2012**. Responses to dispositive motions shall be filed within twenty eight (28)

days after the filing of the motion, **Friday, July 27, 2012**. Optional replies may be filed no later than fourteen (14) days after the date the response is filed, **Friday, August 10, 2012**. If dispositive motions are filed early, the response and rely dates are moved up accordingly. Briefs shall not exceed twenty-five (25) pages and replies shall not exceed five (5) pages, unless permission received by the Court.

9. **Other deadlines**: The parties shall file all Motions to Amend or to add parties on or before **Friday, November 11, 2011**.

10. **Electronic Discovery**. The parties do not anticipate that electronic discovery is necessary in this case, but to the extent it is necessary they will agree on how to conduct electronic discovery. Thus, the default standard contained in Administrative Order No. 174 need not apply to this case.

11. **Special Procedures for Handling Privileged Information**: The parties have reached agreements on how to conduct electronic discovery. Thus, the default standard contained in Administrative Order No. 174 need not apply in this case. Disclosure or discovery of electronically stored information will be handled as follows:

> Disclosure or discovery of electronically stored information will be handled by producing electronically stored information in hard-copy or static form, thereby allowing documents produced to be indexed and individually marked through "bates" stamping. If ESI is a subject of discovery, it should be requested with as much specificity/particularity as possible to minimize the required expense. Consistent with the Federal Rule of Civil Procedure 34(b)(iii), the parties will presumptively need not produce the same ESI in more than one form; however, after the production of ESI in a hardcopy or static form, the parties may request disclosure of metadata or native files for particular documents where good cause has been demonstrated, e.g. when the original creation date of a document is at issue and disputed, or when a static image is not reasonably usable, e.g. when a .pdf image is unable to capture/display all column/information contained in a spreadsheet such as an Excel file. The parties have taken reasonable measures to preserve potentially discoverable information.

If a producing party inadvertently or mistakenly produces information, documents or tangible items that should have been withheld subject to a claim of attorney-client privilege or work product immunity, such production shall not prejudice such claim or otherwise constitute a waiver of any claim of attorney-client privilege or work product immunity for such information, provided that the producing party promptly makes a good-faith representation that such production was inadvertent or mistaken and takes prompt remedial action to withdraw the disclosure upon its discovery. Within three (3) business days of receiving a written request to do so from the producing party, the receiving party shall return to the producing party any documents or tangible items that the producing party represents are covered by a claim of attorney-client privilege or work product immunity and were inadvertently or mistakenly produced. The receiving party shall also destroy all copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information; provided, however, that such an order shall not preclude the party returning such information from making a motion to compel production of the returned information on a basis other than a waiver because of its inadvertent production as part of a discovery production under this protective order. The producing party shall retain copies of all returned documents and tangible items for further disposition.

12. **Subsequent case management conferences**: A subsequent case management conference will be conducted by telephone on Feb 27, 2012 at 1:00 PM ~~,2011~~. The parties shall call 615-695-2851 to participate in the telephone conference.

13. **Alternate dispute resolution**: The parties have not determined whether alternative dispute resolution is appropriate at this time.

14. **Consent to trial before the Magistrate Judge**: The parties do not, at this time, consent to trial before Magistrate Judge Brown. The parties reserve the right to consent to trial before Magistrate Brown at a later date as his trial schedule allows.

15. **Target trial date**: This case will be a jury trial with an estimated length of three (3) to four (4) days. A proposed pretrial order shall be submitted at the pretrial conference. The parties request a target trial date no sooner that five months after dispositive motions are fully briefed.

5

It is so **ORDERED**:

**ENTERED** this the **3rd** day of August, 2011.

_____
**JOE B. BROWN**
**United States Magistrate Judge**